| | |
|---|---|
| IAMMAN R. SAMPSON,<br>    *Plaintiff*,<br><br>V.<br><br>FRED LOYA INSURANCE COMPANY, LOYA INSURANCE GROUP, LOYA CASUALTY INSURANCE COMPANY, UNITED SERVICES AUTOMOBILE ASSOCIATION(USAA), LIBERTY MUTUAL FIRE INSURANCE COMPANY, LYFT, INC., FAITH ALEXANDRE, Claims Resolution Rep, Lyft APD, LIZ LUGO, Claims Representative, JOH AND JANE DOES (ET AL.)<br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § §   CIVIL ACTION NO.: 4:25-cv-00794 |

### DEFENDANT'S, LIBERTY MUTUAL FIRE INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, through undersigned counsel, Defendant, Liberty Mutual Fire Insurance Company ("Liberty" or "Defendant"), in the above numbered and entitled cause of action, and files this its Original Answer to Plaintiff's Complaint and for support thereof would respectfully show the Court as follows:

### I.
### INTROCUTION – INSURANCE FRAUD SCHEME

1.1    Liberty denies the allegations in Paragraph No. 1.1.

1.2    Liberty denies the allegations in Paragraph No. 1.2.

1.3    Liberty denies the allegations in Paragraph No. 1.3.

### II.
### JURISDITION AND VENUE

2.1    Defendant has insufficient information to admit or deny the statement in Plaintiff's

Paragraph No. 2.1 regarding Plaintiff's identity and residence but denies that Liberty engaged in the fraudulent denial of Plaintiff's constitutionally protected property interest.

2.2. Defendant denies wrongful acts occurred as alleged in Paragraph 2.2 but does not contest venue in Houston, Texas.

## III.
## PARTIES

3. Defendant has insufficient information to admit or deny the statement in Plaintiff's Paragraph No. 3 regarding Plaintiff's identity and residence. The remainder of paragraph 3 does not require a response, as it is simply of list of defendants named in the suit, some of which have addresses next to their names.

## IV.
## FACTUAL BACKGROUND – INSURANCE CLAIM RETALIATION

4.1   Defendant denies Plaintiff's allegations in Paragraph 4.1 of his Complaint.

4.2    Defendant denies Plaintiff's allegations in Paragraph 4.2 of his Complaint.

4.3   Defendant denies Plaintiff's allegations in Paragraph 4.3 of his Complaint.

## V.
## CAUSES OF ACTION

**COUNT 1 – INSURANCE FRAUD AND BAD FAITH**

Defendant denies Plaintiff's allegations under V. Count 1 of his Complaint.

**COUNT 2 – VIOLATION OF DUE PROCESS**

Defendant denies Plaintiff's allegations under V. Count 2 of his Complaint.

**COUNT 3 – BREACH OF CONTRACT**

Defendant denies Plaintiff's allegations under V. Count 3 of his Complaint.

**COUNT 4– TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)**

Defendant denies Plaintiff's allegations under V. Count 4 of his Complaint.

## VI.
## DAMAGES REQUESTED

Defendant denies Plaintiff is entitled to the damages he seeks to recover from Defendant in this lawsuit.

## VII.
## JURY DEMAND

Defendant demands a trial by jury and submits its jury demand fee contemporaneously with the filing of this Original Answer to Plaintiff's Complaint.

## VIII.
## LIBERTY'S AFFIRMATIVE DEFENSES

1. **Defendant Complied with its Obligations Under the Policy.** Defendant asserts that it satisfied all contractual obligations to Plaintiff, if any, and properly complied with the Policy's terms, conditions, duties, and limitations of coverage. Defendant specifically denies it breached any terms or conditions of the Policy.

2. **Policy Provisions Limit or Preclude Coverage.** Defendant asserts that UM/UIM and PIP coverage were specifically rejected, in writing, by the named insured when the Policy, a true and correct copy of which is attached hereto as Exhibit 1, was issued.

3. **Limitations.** Defendant asserts any recovery by Plaintiff on all or part of the claims against Defendant is subject to the limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

4. **Conditions Precedent**. Defendant asserts that Plaintiff's claims are barred, in whole or in part, because all conditions precedent to recovery do not exist, have not been performed or have not occurred.

5. **Bona Fide Controversy/Reasonable Basis.** Defendant asserts as to all of Plaintiff's extra-contractual claims alleging breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and any other extra-contractual claims, Defendant would show that a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits, such as to preclude extra-contractual liability, including but not limited to the preclusion of damages provided for in TEX. INS. CODE § 541.152.

6. **Payment, Accord and Satisfaction.** Defendant asserts the affirmative defenses of payment, accord and satisfaction, release payment, credit, offset, waiver, and laches. Specifically, Defendant has satisfied any and all obligations owed to Plaintiff under the Policy, if any, by paying the full amounts available and owed under the Policy. In paying the full amount of the applicable limits, Defendant satisfied all possible contractual duties owed to Plaintiff, if any. Therefore, no further performance or payment is due under the Policy by Defendant.

7. **Contribution and Indemnity.** Defendant would show that in the event it is found liable to Plaintiff as alleged in the Petition, such liability being expressly denied, Defendant is entitled to contribution, credit, off-set, and/or indemnity as provided by the laws and statutes of the state of Texas, including but not limited to provisions of Chapters 32 and 33 of Tex. Civ. Prac. & Rem. Code, as well as other applicable laws and statutes. To the extent Plaintiff and/or any third-parties are found responsible for Plaintiff's damages, Plaintiff's recovery is limited or barred by the percentage of those damages attributable to the Plaintiff and any third-parties.

8. **Contributory Negligence**. Defendant asserts the affirmative defense of contributory negligence. Plaintiff's claims for damages are barred in whole or in part under the doctrine of comparative responsibility by Plaintiff acts or omissions.

9. **Paid v. Incurred**. Defendant invokes Tex. Civ. Prac. & Rem. Code §41.015 and requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, not the amount charged or incurred.

10. **Credit/Offset.** Defendant asserts that any recovery by Plaintiff must be offset against amounts already paid to or for the benefit of Plaintiff.

11. **Mitigation.** Defendant asserts that Plaintiff is not entitled to recover any damages she could have reasonably mitigated.

12. **Limits of Liability.** Defendant asserts that any recovery by Plaintiff is subject to the policy limits of coverage and provided for in TEX. INS. CODE §§1952.105-.108.

13. **Lack of Coverage Precludes Extra-Contractual Liability.** Defendant asserts that the existence of coverage for Plaintiff's insurance claim is necessary to establish the basis of Plaintiffs' claims for violations of the Texas Insurance Code.[1] Because Plaintiff's allegations appear to be based solely upon Defendant's alleged failure to pay policy benefits, any absence or limitation of coverage for Plaintiff's insurance claim precludes Plaintiff's extra-contractual claims against Defendant as a matter of law.

14. **Punitive/Exemplary Damages Improper and Subject to Limitation.** Defendant asserts that to the extent Plaintiff prays for punitive/exemplary damages; an assessment of punitive damages is improper because Plaintiff failed to plead any predicate authorizing the recovery of punitive damages. Defendant further asserts the defense that any award of punitive or exemplary damages would violate the excessive fines clause of the Eighth Amendment of the United States Constitution; any award of punitive or exemplary damages based upon vague, undefined standards

---

[1] *See generally, Menchaca v. USAA Texas Lloyds Company,* 545 S.W.3d 479 (Tex. 2018); *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338 (Tex. 1995); *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 17 (Tex. 1994).

5

of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution; and that punitive damages are a form of punishment imposed by the Court, and the standard of proof to sustain such damages must be clear and convincing evidence to comport with the due process clause of the Fourteenth Amendment of the United States Constitution, § 19 of the Constitution of the State of Texas or the Constitution and laws of any other state deemed to apply in this case. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of §§ 41.002–.009 of the Texas Civil Practice and Remedies Code.

15. **Chapter 41 of the Tex. Civ. Prac. & Rem. Code.** Defendant pleads all provisions of Chapter 41 of the Tex. Civ. Prac. & Rem. Code applicable herein.

16. **Economic Loss Rule**. Defendant asserts that Plaintiff's extra-contractual claims are barred by the economic loss rule because Plaintiff is really seeking nothing more than damages for losses resulting from an alleged breach of contract.

17. **TEX. INS. CODE §1952.156 and §1952.157**. Defendant asserts that in the event it is found liable to Plaintiff herein, such liability being expressly denied, Plaintiff's damages are limited to those available pursuant to TEX. INS. CODE §1952.156 and §1952.157, as applicable.

18. **Acts or Omissions of Others.** Defendant asserts that acts or omissions of others over whom Defendant has no right of control, including the acts and omissions of Plaintiff, are the proximate or producing cause of the damages alleged in this suit.

19. **Failure to State a Claim.** Defendant asserts that Plaintiff's causes of action against Defendant are barred, either in whole or in part, due to the failure to state a claim upon which relief

can be granted. Specifically, Plaintiff failed to sufficiently describe a cause of action for Defendant's alleged breach of contract, violations of the Texas Insurance Code and other alleged tortious acts.

20. **Waiver/estoppel**. Defendant asserts that as a result of Plaintiff's own acts, omissions, and/or conduct, Plaintiff waived, ratified, and/or is estopped from, any right to recover under each and every cause of action purportedly alleged in the live pleading.

## RESERVATION OF RIGHTS

21. Defendant reserves its right to amend or supplement its answer, defenses, and all other pleadings.

## PRAYER

PREMISES CONSIDERED, Defendant, DEFENDANT INSURANCE COMPANY, prays that the Plaintiff take nothing by this lawsuit and that Defendant be allowed to go hence without day and recover all of its costs and attorneys' fees, and such other and further relief, both special and general, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Clinton J. Wolbert*
    Clinton J. Wolbert
    State Bar No. 24103020
    Nicole M. Hilburn
    State Bar No. 24055663
    ONE SHELL PLAZA
    910 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Email: clinton.wolbert@phelps.com
    Email: Nicole.hilburn@phelps.com
    Telephone: (713) 626-1386
    Facsimile: (713) 626-1388

**ATTORNEYS FOR DEFENDANT,
LIBERTY MUTUAL FIRE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March, 2025, the foregoing instrument was electronically filed with the Clerk of Court via the Court's CM/ECF system which will provide notice of such filing to all known counsel of record.

*/s/ Nicole M. Hilburn*
Clint J. Wolbert / Nicole M. Hilburn