IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IAMMAN R. SAMPSON,<br>　　*Plaintiff,* | § <br> § <br> § | |
| v. | § <br> § | |
| FRED LOYA INSURANCE COMPANY,<br>LOYA INSURANCE GROUP,<br>LOYA CASUALTY INSURANCE<br>COMPANY, UNITED SERVICES<br>AUTOMOBILE ASSOCIATION (USAA),<br>LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY, LYFT, INC., FAITH<br>ALEXANDRE, Claims Resolution Rep, Lyft<br>APD, LIZ LUGO, Claims Representative<br>JOHN AND JANE DOES (ET AL.)<br>　　*Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:25-CV-00794 |

---

**DEFENDANT LYFT, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR INSURANCE FRAUD, BAD FAITH & DOCUSIGN FORGERY**

---

Defendant Lyft, Inc. ("Lyft") now files its Answer to Plaintiff's Complaint for

Insurance Fraud, Bad Faith & DocuSign Forgery ("Complaint").

### I. INTRODUCTION – INSURANCE FRAUD SCHEME

1.1    Lyft denies the allegations contained in paragraph 1.1 of the Complaint.

1.2    Lyft denies the allegations contained in paragraph 1.2 of the Complaint.

1.3    Lyft denies the allegations contained in paragraph 1.3 of the Complaint.

1.4    Lyft denies the allegations contained in paragraph 1.4 of the Complaint.

### II. JURISDICTION AND VENUE

2.1    The allegations in paragraph 2.1 of the Complaint under 28 U.S.C. § 1332

(Diversity Jurisdiction) are allegations of law not requiring a response. Lyft admits that it is a citizen of the State of Delaware, its state of incorporation, and a citizen of the State of California, its principal place of business. Lyft denies the allegations contained in paragraph 2.1 of the Complaint under 42 U.S.C. § 1983 (Due Process Violation). To the extent that any further response is necessary, Lyft denies the allegations of this paragraph.

2.2    The allegations in paragraph 2.2 of the Complaint are allegations of law not requiring a response.

### III. PARTIES

3.1.    Lyft lacks sufficient information to admit or deny the allegations in Section III as to Plaintiff and all Defendants with the exception of Defendant Lyft, Inc. Defendant Lyft, Inc. is a Delaware corporation with its principal place of business in the state of California. To the extent that any further response is necessary, Lyft denies the allegations of this paragraph.

### IV. FACTUAL BACKGROUND-INSURANCE FRAUD & GASLIGHTING

4.1    Lyft lacks sufficient information to admit or deny the allegations in paragraph 4.1. To the extent that any further response is necessary, Lyft denies the allegations of this paragraph.

4.2    Lyft denies the allegations contained in paragraph 4.2 of the Complaint.

4.3    Lyft denies the allegations contained in paragraph 4.3 of the Complaint.

## V. CAUSES OF ACTION

### COUNT 1 – INSURANCE FRAUD & BAD FAITH

5.1    The allegations in Count 1 of the Complaint regarding Texas Insurance Code Sections 541.060 and 542.055 are allegations of law not requiring a response. Lyft denies the allegations contained in paragraph 5.1 of the Complaint.

### COUNT 2 – VIOLATION OF DUE PROCESS (42 U.S.C § 1983)

5.2    Lyft denies the allegations contained in Count 2 of the Complaint.

### COUNT 3 – BREACH OF CONTRACT

5.3    Lyft denies that it had a contractual obligation to provide coverage and that it fraudulently refused to do so. Lyft lacks sufficient information to admit or deny the remaining allegations in Count 3. To the extent that any further response is necessary, Lyft denies the allegations of this paragraph.

### COUNT 4 – TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA) – Tex. Bus. & Com. Code § 17.46

5.4.    Lyft denies that it engaged in false, misleading, and deceptive conduct. Lyft denies that it falsely stated that Plaintiff waived policy benefits. Lyft denies that it withheld documents that prove full coverage existed. Lyft denies the remainder of the allegations in Count 4 of the Complaint regarding Plaintiff's entitlement to treble damages and denies that Plaintiff is entitled to any damages from Lyft.

## VI. DAMAGES REQUESTED

6.1.    Lyft denies all allegations in Section VI of the Complaint and denies that Plaintiff is entitled to any recovery from Lyft.

## VII. JURY DEMAND

7.1.    The allegation in this paragraph is a legal conclusion to which no response is necessary. To the extent that any further response is necessary, Lyft denies the allegation of this paragraph unless specifically admitted.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    Each defense or affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

2.    Lyft reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

3.    Lyft invokes and reserves the right to assert any and all rights and defenses as provided in Lyft's Terms of Service, in order to use the Lyft platform.  Such rights include but are not limited to the right to compel arbitration of Plaintiff's claims against Lyft in accordance with the Federal Arbitration Act.

4.    Lyft denies that it is an insurer, and that Plaintiff is entitled to insurance benefits from Lyft.

5.    Lyft complied with the insurance requirements of Chapter 2402 of the Texas Occupations Code and Chapter 1954 of the Texas Insurance Code.

6.    Uninsured/underinsured motorist coverage and personal injury protection coverage is not required under Sections 1952.101 and 1952.152 of the Texas Insurance Code if "any insured named in the insurance policy rejects the coverage in writing." Tex. Ins. Code §§ 1952.101(c) and 1952.152(b).

7.      Under Texas law, Lyft, the named insured, was not required to notify every insured on the policy that it rejected UM/UIM and PIP coverage or to secure a rejection from every named insured on the policy, much less unnamed insureds. *See* Tex. Ins. Code §§ 1952.101(c) and 1952.152(b); *See generally Old Am. County Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111 (Tex. 2004).

8.      Lyft specifically denies that it had a duty to disclose Lyft's rejection of the uninsured/underinsured motorist coverage and personal injury protection coverage to Plaintiff. Section 13 of the Lyft Terms of Service agreed to by Plaintiff provides the following link for state-specific disclosures: www.lyft.com/terms/disclosures. In section 3 of this site, Lyft provides the link https://help.lyft.com/hc/articles/213815188-Lyft-Certificate-of-Insurance, disclosing Lyft's Certificates of Insurance for Texas. The Certificate of Insurance for Texas available at this site does not include uninsured/underinsured and personal injury protection coverage.

9.      Plaintiff failed to state a claim upon which relief may be granted.

10.     Plaintiff's DTPA claims are barred by the applicable statutes of limitations.

11.     Lyft denies that the DTPA applies to Plaintiff's claims against Lyft. Lyft asserts that it is entitled to recover its reasonable and necessary attorney's fees and costs under Texas Business and Commerce Code Section 17.50(c) because Plaintiff's DTPA claims against Lyft were groundless in fact or law, brought in bad faith, or brought for purposes of harassment.

12.     Lyft presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unknown, affirmative defenses.

Accordingly, Lyft reserves the right herein to assert additional affirmative defenses in the event discovery indicates that same would be appropriate.

<b>REQUEST FOR RELIEF</b>

While specifically preserving its right to arbitration, Lyft requests that judgment be entered in its favor denying Plaintiff any relief and awarding Lyft such other and further relief, general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

_____

Bryan D. Pollard
State Bar No. 00795592
S.D. Tex. No. 415087
bryan.pollard@pierferd.com
Telephone: (214) 984-7153
Facsimile: (214) 279-7192
Bradley B. Bush
State Bar No. 24057787
S.D. Tex. No. 3846954
bradley.bush@pierferd.com
Telephone: (512) 766-6226
PIERSON FERDINAND
5995 Summerside Dr., Unit #794257
Dallas, Texas 75379

**ATTORNEYS FOR DEFENDANT LYFT, INC.**